FILED

APR 2 6 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ANN DORIS GRUNEWALD,<br><br>               Debtor.<br><br>ANN DORIS GRUNEWALD,<br><br>               Plaintiff,<br>vs.<br><br>CITY OF TUCSON, a political subdivision; STATE OF ARIZONA, on behalf of and for the Arizona Department of Economic Security; UNITED STATES OF AMERICA, on behalf of and for the Internal Revenue Service,<br><br>               Defendants. | Chapter 13<br><br>No. 4:04-bk-05063-JMM<br><br>Adversary Proceeding 4:06-ap-00089-JMM<br><br>**MEMORANDUM DECISION RE: UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT** |

       On March 12, 2007, a motion for summary judgment came on for hearing. The parties were represented as follows: for the Debtor--Eric Slocum Sparks; for Defendant United States on behalf of the Internal Revenue Service ("IRS")--Goud Maragani. The court heard argument and took the matter under advisement. After consideration of the facts and law, the court now rules.

## PROCEDURAL FACTS

       On August 15, 2006, the chapter 13 Debtor filed a complaint against the IRS and others, in an effort to remove various statutory liens against her real property located at 4634 North Cheyenne in Tucson, Arizona (the "Property").

In the instant case, the IRS recorded a lien of $30,978.84 on May 19, 1992, for tax obligations owed by Frederick W. Deubert, dba "Color Classics."[1] The lien was re-recorded on March 4, 2002.

On September 19, 2006, the IRS answered the complaint, admitted recording the tax liens, and pleaded that it had no knowledge of the Debtor's other factual allegations (Dkt. #7).

On October 27, 2006, the IRS filed a motion for summary judgment (Dkt. #17), which the Debtor opposed (Dkt. #32).

## UNDISPUTED FACTS

From the affidavits and declarations of the parties, and from uncontested documents, the court finds the following facts to be established and thereby they need no further proof in the event a trial is necessary on disputed and material facts. FED. R. CIV. P. 56(d).

1. The Debtor was married to Frederick W. Deubert at all relevant times before August 5, 1992, when her marriage to him was dissolved. (Ex. C. to Decl. of Kelly Cap.)

2. Until August 5, 1992, the Debtor jointly owned the Property with Frederick Deubert, when the Superior Court, in the Decree of Dissolution, awarded it to the Debtor. (Debtor's Statement of Facts at para. 4.)

3. The IRS recorded its lien against Frederick Deubert on May 19, 1992 at 4:04 p.m.

4. The Debtor filed a chapter 13 bankruptcy petition on May 19, 1992, which was file-stamped at 4:31 p.m. (Case No. 92-1613-TUC-LO).

5.. The Debtor's chapter 13 plan was never confirmed, and her case was dismissed on July 10, 1995.

6. Pursuant to the 1991 Decree of Dissolution's requirements, Frederick Deubert quit-claimed his interest in the Property to the Debtor on November 10, 1998, and that deed was recorded on November 17, 1998.

---

[1] Color Classics, Inc. may be an Arizona corporation formed March 24, 1989.

7. The IRS re-filed its tax lien against Frederick Deubert on March 4, 2002 (Ex. B. to IRS's motion).

**DISPUTED FACTS**

The Debtor maintains that her attorneys delivered her bankruptcy petition to the Bankruptcy Court's Clerk's Office prior to 4:04 pm. on May 19, 1992.

However, her attorney has argued that the petition was delivered to the Clerk's Office prior to 4:04 p.m., and there is an affidavit from the Debtor's attorney, which would tend to establish that fact.

The Debtor declares, therefore, as a matter of law, that the automatic stay of 11 U.S.C. § 362(a) was invoked prior to the IRS's recording of the initial May 19, 1992, tax lien, thereby rendering it "void."

**DISCUSSION**

On May 19, 1992, the Debtor jointly owned real property with Frederick Deubert, who at that time was still her spouse. If her bankruptcy petition was filed before the IRS lien was recorded, the act of recordation would have been void, not voidable. *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992)

According to the substantiated facts in the case thus far, the Debtor's time-stamped bankruptcy petition was 4:31 p.m., and the IRS lien, recorded at 4:04 p.m., would therefore be valid and not void.

However, if the Debtor can prove that she or her agents actually delivered the petition to the Bankruptcy Court Clerk prior to 4:04 p.m. on May 19, 1992, then the lien would be void. And, if that is the case, by the next time that the IRS re-recorded it, on March 4, 2002, the IRS's debtor, Frederick Deubert, no longer had an interest in the Property, and had not had an interest since November 17, 1998.

The dispositive case here is *In re Godfrey*, 102 B.R. 769 (9th Cir. BAP 1989). There, the BAP, relying on the reasoning in the Ninth Circuit's case of *Cintron v. Union Pacific R.R. Co.*, 813 F.2d 917, 920 (9th Cir. 1987), held that a bankruptcy petition is deemed filed when it is placed in the possession of

the clerk of the court. 102 B.R. at 771. However, there is a presumption that the time-stamp is the actual filing time, unless rebutted by competent evidence.

Because there is an allegation that the Debtor's petition was delivered to the Clerk before 4:04 p.m. on May 19, 1992, the court will give the Debtor an opportunity to present credible and competent evidence on that issue.

The issue of filing time, therefore, shall be reserved for trial.

## OTHER ISSUES

A. **Arizona Homestead**

The Debtor maintains that her Arizona homestead exemption takes precedence over a federal tax lien. However, the federal tax lien is a creature of federal, not state law. Therefore, federal law takes precedence over state-created rights. The Debtor has cited no federal statute which creates an exception to this principle, and the court is aware of none. The Debtor's defense on this ground is therefore overruled as inapplicable.

B. **Innocent Spouse**

At oral argument, the IRS noted that it was not attempting to collect the tax liability from the Debtor personally and individually. It was only proceeding against a property interest which, it maintains, Frederick Deubert had in the Property when the lien was recorded.

Thus, since the IRS is not attempting to collect from the Debtor, and is only proceeding to foreclose its lien against real property, the "innocent spouse" defense is inapplicable, and is therefore overruled.

4

## C. Resurrection of the Lien Upon Case Dismissal

In its briefs, the IRS appears to contend that, even if the May 19, 1992 lien was void if recorded post-petition, the lien nonetheless revived as of the 1992 case's dismissal on July 10, 1995.

While creative, this argument raises more issues for consideration. First, according to the Ninth Circuit's holding in *Schwartz*, the post-petition recordation was <u>void</u>, not voidable. Therefore, if it was void *ab initio*, there was nothing to revive.

Second, although some post-petition acts are deemed viable and are reinstated to the *status quo ante*, after a dismissal pursuant to 11 U.S.C. § 549, an automatic stay violation is not included in the list of unaffected activities.

Therefore, since dismissal of the first case in 1995 did not prevent the IRS, or indeed any creditor, from immediately renewing and recommencing collection activity, their starting point was necessarily the dismissal date, with no relation-back to the earlier void act. Since the IRS then did nothing until March 4, 2002, there was a seven-year gap, post-dismissal of the first bankruptcy case.

## D. The Debtor's Interest in the Real Property

The IRS raises another argument in its effort to gain an advantage based upon its May 19, 1992 lien recording. It is that the lien attached to the Debtor's husband's (Frederick W. Deubert) "interest" in the real property. And, since Mr. Deubert himself did not file for bankruptcy in 1992, he did not gain the § 362(a) automatic stay protections.

This argument requires an inquiry into property rights under Arizona law. In a bankruptcy case, property rights are determined pursuant to state law. *Butner v. United States*, 440 U.S. 48 (1979). In a community property state, all property acquired by a married couple is held in community property status, i.e., the property is owned by the marital community. ARIZ. REV. STAT. § 25-211.

Likewise, any debt incurred during the marriage is deemed to be a community property obligation. If, as the IRS appears to contend, the debt owned by Frederick Deubert is only <u>his</u> debt, it is not, therefore, a community obligation. Thus, a spouse's separate debt is collectible only from separate property,

5

and not as against community property. Community property is not liable for either spouse's separate debts, except in those situations involving the value of one spouse's contribution to the community property. ARIZ. REV. STAT. § 25-215(B)

These legal and factual issues require further exploration:

1. What is the nature of the IRS debt? Was it Frederick Deubert's separate debt or was it a community debt?
2. How was the Property titled and held on May 19, 1992?
3. If the Property was held as community property, and if Frederick Deubert's IRS obligation was a sole and separate liability, how much of his separate property was contributed toward the acquisition of the Property?
4. When was the IRS debt incurred by Frederick Deubert? Was he married to the Debtor at the time?
5. Finally, if the parties were divorced on August 5, 1992, and the husband was required to convey his interest in the community property to the wife (Debtor), did he have an interest at all when the IRS recorded its lien on May 19, 1992?

These issues also remain for trial.

## **RULING**

A fact issue exists as to when, during the day of May 12, 1992, the bankruptcy petition was filed. The court will hear evidence on this issue separately from the other issues, involving other defendants. The Debtor shall have the burden of proof to rebut the presumption of the 4:31 p.m. timestamp.

Other fact issues remain as to the extent of Frederick Deubert's interest in the Property.

# FURTHER HEARINGS

A trial on the issues set forth above shall be bifurcated from the balance of the case, and will be heard on **June 19, 2007, at 9:30 p.m.,** in Courtroom 446. A joint pretrial statement shall be filed five days before trial.

DATED: April 26, 2007.

_____
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below
this 26th day of April, 2007, upon:

Eric Slocum Sparks
Law Office of Eric Slocum Sparks, P.C.
110 South Church Ave., #2270
Tucson, AZ 85701-3031
Attorneys for Debtor                             Email eric@ericslocumsparkspc.com

Goud Pradyumna Maragani
U.S. Department of Justice, Tax Division
PO Box 683, Ben Franklin Station
Washington, DC 20044                             Email: goud.p.maragani@usdoj.gov

Daniel Knauss
United States Attorney
Two Renaissance Square
40 N. Central Suite 1200
Phoenix, AZ 85004-4408                           U.S. Mail

Dianne C. Kerns
7320 N. La Cholla #154
PMB 413
Tucson, AZ 85741-2305                            Email mail@dcktrustee.com
Chapter 13 Trustee

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706                           U.S. Mail


By /s/   M. B. Thompson
      Judicial Assistant

7